JAMES KENNEDY, Respondent, *v.* CHARLES N. STROBEL, as Executor, etc., of HANNAH RANK, Deceased, Appellant.

*Release of mortgaged property — when valid, though without consideration — a delivery of the mortgage unnecessary.*

A release of property from the lien of a chattel mortgage, though given without consideration, is not void if the same is a voluntary and executed gift; and a delivery of the mortgage, where it covers property other than that released, is not necessary to consummate the gift, a delivery of the release being all that is required.

APPEAL by the defendant, Charles N. Strobel, as executor, etc., of Hannah Rank, deceased, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Livingston on the 28th day of August, 1893, upon the verdict of a jury for $189.44 after a trial at the Livingston Circuit, and also from an order entered in said clerk's office on the 12th day of June, 1893, denying the defendant's motion for a new trial made upon the minutes.

*E. E. Coyne*, for the appellant.

*Charles D. Newton*, for the respondent.

LEWIS, J.:

Daniel C. Kennedy, a brother of the plaintiff, executed and delivered to the plaintiff on the 3d day of September, 1892, a chattel mortgage which was in the usual form and covered two horses and a double harness, and was conditioned to pay the plaintiff, one year from its date, $500.

The plaintiff paid to the mortgagor, at the time of the execution and delivery of the mortgage, $114 of the consideration. The balance of the $500 was a past-due indebtedness of the mortgagor to the mortgagee. Daniel C. Kennedy had theretofore, and on the 5th day of September, 1891, executed and delivered to one Hannah Rank, a chattel mortgage upon the same horse and harness described in the plaintiff's mortgage, and, in addition thereto, one single harness. The latter mortgage was conditioned to pay the mortgagee $1,000 one year from its date. The plaintiff was informed of the existence of this mortgage at the time of taking his mortgage. At the request of the mortgagor, the mortgagee, Hannah Rank, on the 15th day of August, 1892, executed and delivered to the mortgagor a written release from the lien of her mortgage of the property described therein; it purported to be executed for value received, but no money consideration was in fact paid therefor. This release was delivered to the plaintiff at the time of the taking of his mortgage, and he relied thereon in taking his mortgage, and in parting with the $114 heretofore mentioned. Daniel C. Kennedy, the mortgagor, and Miss Rank were, at the time of the giving of the release aforesaid, engaged to be married, and would have been married on the twelfth day of October thereafter, had it not been for her subsequent sickness and death. Miss Rank died on the 19th day of October, 1892, leaving a last will and testament appointing the defendant executor thereof. The defendant duly qualified as such executor, and thereafter seized and advertised and sold the horses and double harness mortgaged as aforesaid to the plaintiff by virtue of the said mortgage to Miss Rank. The plaintiff forbade the sale, and demanded possession of the property from the defendant, which was refused, and he thereupon brought this action for the conversion of said property, and recovered a verdict for $189.44, being the value of the property converted. The appellant contends

that the release having been given without consideration, it was void. Not so if it was a voluntary and executed gift, and the circumstances of its execution and delivery tend to establish that it was a gift. It was natural that Miss Rank should wish to assist her impecunious lover in view of their prospective marriage; she very properly retained possession of the mortgage, as it was a lien upon property which she had not released. Delivery of the mortgage was not necessary to consummate the gift; delivery of the release was all that was required. (*Ellis* v. *Secor*, 31 Mich. 189.) After releasing the property from the lien of the mortgage, neither Miss Rank nor her executor had any claim upon it. The defendant was estopped from claiming the property as against the plaintiff. As against a trespasser, the plaintiff's title to the property was complete, notwithstanding he parted with less than its value at the time of the taking of the mortgage. The defendant, having wrongfully taken the property and sold it, was liable to plaintiff for its full value. The court charged the jury that if they found that the release was executed and delivered to the plaintiff as claimed by him, he was entitled to a verdict for the full value of the property. No exception was taken to the charge. The defendant requested the court to charge the jury that the verdict should not exceed $114, the amount of money advanced; the court refused, and defendant excepted.

If the jury found for the plaintiff they were at liberty to add interest; this exception, therefore, cannot avail the defendant.

The judgment and order should be affirmed.

DWIGHT, P. J., HAIGHT and BRADLEY, JJ., concurred.

Judgment and order appealed from affirmed.